PER CURIAM.
We reverse appellant’s adjudication of contempt and imposition of a fine of $50.00 predicated upon his failure to execute an order from the circuit court commanding that a juvenile, C.S.,.be taken into custody.
*131 Appellant, an intake worker for the Department of Health and Rehabilitative Services, does not urge that he was not properly authorized to execute the court’s pick-up order. Section 39.06(9), Florida Statutes, provides:
All process and orders issued by the court shall be served or executed as other process and orders of the circuit court, and, in addition, may be served or executed by authorized agents of the department at the department’s discretion.
We agree with the trial court’s interpretation that the statute confers discretion upon the Department to authorize its agents to serve or execute process, and does not permit the exercise of discretion by the individual agents to determine their own authority-
However, we must reverse the adjudication of contempt because the uncontro-verted evidence shows that appellant never received a copy of the order, had no notice of what disposition it required him to make of the child, and that he did everything he reasonably could to see that the court’s order was carried out, including attempting to reach the trial judge at least five times on the day in question to inquire about this particular order.
It was not necessary, of course, for appellant to have a copy of the order actually in his possession in order to execute it. See, Section 901.16, Florida Statutes; and, Cf. Riley v. State, 421 So.2d 792 (Fla. 3rd DCA 1982) (execution of search warrant valid notwithstanding the officers did not have search warrant in possession upon entering the premises). Furthermore, whether or not appellant’s conduct was reasonable, or in accord with or contrary to customary practices of HRS intake officers, is not the issue. Section 38.23, Florida Statutes (1981), defines contempt as “[a] refusal to obey any legal order,” made by the judge in connection with the business of the court. The evidence in this case falls short of proving a “refusal to obey.”
REVERSED.
LARRY G. SMITH, SHAW and .TOA-NOS, JJ., concur.